UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARIA MANOSALVES and CARLOS
MANOSALVES

               *Plaintiffs,*

               **ANSWER OF FUJITSU TRANSACTION SOLUTIONS, INC.**

v.               07-CV-3846

FUJITSU TRANSACTION SOLUTIONS, INC.

               *Defendant.*
_____

The Defendant, FUJITSU TRANSACTION SOLUTIONS, INC., by its attorneys, Feldman, Kieffer & Herman, LLP, as and for its Answer to Plaintiffs' Amended Complaint allege as follows:

1.     Admits those allegations contained in paragraphs 4 & 5, of the Plaintiffs' Complaint.

2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, & 14 of the Plaintiffs' Complaint.

3.     Denies the allegation contained in paragraphs 15, 16, 17, 18, 19, 21, & 22 of the Plaintiffs' Complaint.

4.     With respect to the allegations contained in paragraph 20 of the Plaintiffs' Complaint, Defendant admits those allegations that are elsewhere admitted, denies those allegations that are elsewhere denied, and lacks knowledge or information sufficient to form a belief those allegations that are elsewhere so treated.

5.     Denies each and every other allegation not admitted or otherwise denied herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and causes of action are barred in whole or in part because none of the alleged acts or omissions of this answering Defendant was in any way the proximate cause of the injuries and damages allegedly sustained by the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred because the injuries and damages alleged in the Complaint were caused by intervening and/or supervening causes.

## FORTH AFFIRMATIVE DEFENSE

The accident, injuries, and damages for which Plaintiffs seek recovery herein were caused, wholly or in part, by the culpable conduct of other parties over whom this answering Defendant exercises no control and for whose actions the answering Defendant is not legally responsible. If this answering Defendant is found liable to the Plaintiffs, wholly or in part, said Defendant is entitled to have its liability to the Plaintiffs reduced and recovery over and against all such parties in an amount that represents the proportionate share of the liability attributable to such other parties.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiffs' damages were caused by Plaintiffs' failure to take reasonable steps to avoid and/or mitigate harm and damages.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the incident complained of in the Plaintiff's Complaint and the alleged damages were caused in whole or in part by Plaintiff's contributory negligence and/or capable conduct, and not as a result of any negligence and/or culpable conduct on the part of the Defendant.

SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the Defendant has not been properly served with process in this action and are, therefore, not subject to the jurisdiction of this Court.

EIGHTH AFFIRMATIVE DEFENSE

Should it be held that Article 14 of the New York C.P.L.R. could apply to any claim being made by the Plaintiffs herein, Defendant requests that the relative culpability of each person who is or may be liable to contribute to any liability for the damages alleged by the Plaintiffs in this action should be determined in accordance with the decisional and statutory law of the State of New York, in such cases made and provided; and the equitable share of each person liable for contribution should be determined and apportioned in accordance with the relative culpability of each such person, if any, pursuant to Article 14 of the New York CPLR.

NINTH AFFIRMATIVE DEFENSE

The Plaintiffs have or will receive reimbursement for past and/or future medical or dental care, loss of earnings and/or other economic loss in whole or in part from a collateral source and, therefore, these answering Defendant is entitled to a reduction of part or all of such costs, expenses and/or losses from any verdict or judgment obtained by the Plaintiffs pursuant to C.P.L.R. §4545.

TENTH AFFIRMATIVE DEFENSE

Liability for non-economic loss is limited by the provisions of Article 16 of the New York CPLR.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that New York law is determined to apply to this case, pursuant to Section 15-108 of the New York General Obligations Law, Plaintiffs' recovery, if any, from this answering Defendant must be deemed reduced by the greatest of: 1) any amount actually paid by any person or entity for any of the injuries, costs, damages, and expenses alleged in the Complaint; 2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity for any injuries, costs, damages, or expenses alleged in the complaint; or 3) the equitable share of the liability of any person or entity that has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the complaint.

WHEREFORE, Defendant, FUJITSU TRANSACTION SOLUTIONS, INC., demands judgment dismissing the Amended Complaint against it; apportionment of fault and damages; costs and disbursements, including reasonable attorneys' fees; together with such other & further relief as the Court may deem just and proper.

Dated: August 20, 2007
      Buffalo, New York

                                      FELDMAN, KIEFFER & HERMAN, LLP

                                            /s/ Andrew Feldman

                                  By:   Andrew Feldman
                                  Attorneys for Defendant, Fujitsu Transaction Solutions, Inc.
                                  The Dun Building
                                  110 Pearl Street
                                  Buffalo, New York 14202
                                  (716) 852-5875

<u>afeldman@fkhattys.com</u>
Bar Roll # AF 7731

TO:    Mitchell J. Baker
BAKER, LESHKO, SALINE & BLOSSER, LLP
Attorneys for the Plaintiffs Maria and Carlos
Manosalves
One North Lexington Ave
White Planes, NY 10601
(914) 681-9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA MANOSALVES and CARLOS
MANOSALVES

                *Plaintiffs*

v.

FUJITSU TRANSACTION SOLUTIONS, INC.

                *Defendant.*

**AFFIDAVIT OF SERVICE**

07-CV-3846

---

STATE OF NEW YORK   )
                                ) ss:
COUNTY OF ERIE       )

     CARYL A. DAHLIN, being duly sworn, deposes and says: I am not a party to this action, I am over eighteen (18) years of age and reside in Erie County, New York.

     On August 20, 2007, I served the within Answer upon Mitchell J. Baker, Baker, Leshko, Saline & Blosser, LLP, One North Lexington Ave, White Planes, NY 10601 by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post official depository under the exclusive care and custody of the United States Postal Service with the State of New York.

                                              /s/ Caryl A. Dahlin

                                              CARYL A. DAHLIN

Sworn to before me on

August 20, 2007

/s/ Adam C. Ferrandino, Esq.

NOTARY PUBLIC