UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA MANOSALVES and CARLOS
MANOSALVES

                *Plaintiffs,*

v.

FUJITSU TRANSACTION SOLUTIONS, INC.

                *Defendant.*

**F.R.C.P. 34 DEMANDS**

07-CV-3846

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, FUJITSU TRANSACTION SOLUTIONS, INC., requests that Plaintiffs, MARIA MANOSALVES and CARLOS MANOSALVES, respond in writing to the requests for production of documents set forth below, upon the undersigned counsel within thirty (30) days of service hereof.

**DEFINITIONS AND CONSTRUCTION**

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all discovery requests:

(1) All/Each. The terms "all" and "each" shall be construed as all and each.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

## DOCUMENT DEMANDS

**DOCUMENT DEMAND 1.**

Provide copies of all statements, whether signed or otherwise, whether written or oral, of Defendant, FUJITSU TRANSACTION SOLUTIONS, INC., and/or its agents, servants, or employees.

**DOCUMENT DEMAND 2.**

Duly executed and acknowledged authorizations, with the name and address of the entity from which materials will be requested, permitting the Defendant to obtain and copy all hospital, pharmacy, and physician records including reports of all diagnostic studies including but not

limited to x-rays, CT scans and MRI reports for the Plaintiff, MARIA MANOSALVES, in connection with the injuries and conditions for which recovery is sought.

**DOCUMENT DEMAND 3.**

All existing and future reports of all physicians or other health care personnel who have treated or examined the Plaintiff, MARIA MANOSALVES, in connection with the injuries and conditions for which recovery is sought.

**DOCUMENT DEMAND 4.**

Duly executed and acknowledged authorization, with the name and address of the entity from which materials will be requested, permitting the Defendant to obtain and copy all records, reports, etc. maintained by the New York State Workers' Compensation Board relating to the Plaintiff's accident of March 5, 2007.

**DOCUMENT DEMAND 5.**

Duly executed and acknowledged authorization, with the name and address of the entity from which materials will be requested, permitting the Defendant to obtain and copy all employment records of the Plaintiff, MARIA MANOSALVES, from Marshall's.

**DOCUMENT DEMAND 6.**

Provide copies of the Federal and State Tax Returns of the Plaintiffs for the past five (5) years and duly executed authorizations allowing Defendant to obtain those records.

**DOCUMENT DEMAND 7.**

Duly executed and acknowledged authorization, with the name and address of the entity from which materials will be requested, permitting the Defendant to obtain and copy all records from Plaintiff's workers' compensation insurance carrier, if any.

**DOCUMENT DEMAND 8.**

Duly executed and acknowledged authorization, with the name and address of the entity from which materials will be requested, permitting the Defendant to obtain and copy all records from Plaintiff's health insurance carrier at the time of the accident on March 5, 2005.

**DOCUMENT DEMAND 9.**

Any and all photographs, slides, films, and/or videotapes of the scene of the incident which is the subject of this litigation, all instrumentalities involved, and any damages and/or injuries sustained not previously disclosed.

**DOCUMENT DEMAND 10.**

Please produce all reports or other statements prepared by any expert witness you have consulted or retained to testify in this action, including, but not limited to, the report pursuant to F.R.C.P. 26(a) (2) (B). The latter should contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; and any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**DOCUMENT DEMAND 11.**

Produce all documents reviewed, considered or relied upon by each of your expert witnesses, designating the documents by the expert who saw them.

**DOCUMENT DEMAND 12.**

Produce the curriculum vitae and resume of each of your expert witnesses.

**DOCUMENT DEMAND 13.**

Provide an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which you expect to offer at trial and those which you may offer if the need arises.

**DOCUMENT DEMAND 14.**

Provide a copy of, or a description by category and location of, any documents, data compilations, and tangible things in your possession, custody or control that are relevant to the facts alleged in your complaint.

**DOCUMENT DEMAND 15.**

Provide a copy of any and all written material in Plaintiff MARIA MANOSALVES' possession she received from Marshall's concerning any facet of her employment with that company, including but not limited to instructions, procedures, safety or training manuals, brochures, letters, flyers, and pamphlets.

**DOCUMENT DEMAND 16.**

Produce for inspection and copying all documents which are identified, referred to, or relied upon in your response to the interrogatories set forth in Defendant's First Set of Interrogatories to Plaintiff.

Dated: September 10, 2007
Buffalo, New York

                      FELDMAN, KIEFFER & HERMAN, LLP

                      /s/ Andrew Feldman

                      By:  Andrew Feldman
                      Attorneys for Defendant, Fujitsu Transaction Solutions, Inc.
                      The Dun Building
                      110 Pearl Street
                      Buffalo, New York 14202
                      (716) 852-5875
                      afeldman@fkhattys.com

TO:  Mitchell J. Baker
       BAKER, LESHKO, SALINE & BLOSSER, LLP
       Attorneys for the Plaintiffs Maria and Carlos Manosalves

One North Lexington Ave
White Planes, NY 10601
(914) 681-9500