UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARIA MANOSALVES and CARLOS
MANOSALVES

                *Plaintiffs,*

                **DEFENDANT'S FIRST SET OF INTERROGATORIES**

v.                              07-CV-3846

FUJITSU TRANSACTION SOLUTIONS, INC.

                *Defendant.*
_____

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and S.D.N.Y. Local Rule 33.3, you are required to answer each of the following interrogatories under oath, in writing, separately, in the fullest detail possible, and in accordance with the definitions and instructions set forth below. Your answers must be signed, and a copy of your answers, together with your objections, if any, must be served upon us no later than 30 days after the service of these interrogatories.

## DEFINITIONS AND CONSTRUCTION

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all discovery requests:

(1) All/Each. The terms "all" and "each" shall be construed as all and each.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

**INTERROGATORY 1:** Identify the person(s) answering these interrogatories, and identify each and every person whom you consulted in preparation of your responses.

**INTERROGATORY 2:** State the Plaintiff's full name, date of birth, Social Security Number, current address, and address on March 5, 2005.

**INTERROGATORY 3:** State the name and address of Plaintiff's employer on March 5, 2005, the capacity in which she was employed, and the amount of her hourly wage and/or salary.

**INTERROGATORY 4:** State the dates that the Plaintiff claims she was unable to work, setting forth the total amount claimed as lost wages.

**INTERROGATORY 5:** Describe fully and completely how the occurrence alleged in the Complaint happened giving the exact description of everything that each person involved in the occurrence did and everything that happened to each person involved in the occurrence immediately preceding the occurrence, up to and including the time of the occurrence.

**INTERROGATORY 6:** State whether you have made any statements in any form, other than statements made to your attorney, regarding any of the events or happenings on which your Complaint is based or to which it refers. If so, state the identity of the person who the statements were made, the dates of such statements, the form of the statement (written, oral, by recording device, or by stenographic means), whether the statements were signed, and attach any copies of such statements to your answers hereto.

**INTERROGATORY 7:** Identify the name, make and model of the product that is alleged to be hazardous.

**INTERROGATORY 8:** Identify the allegedly hazardous condition of the product described in the proceeding Interrogatory No. 8.

**INTERROGATORY 9:** State each and every act or omission claimed by the Plaintiff constituting negligence on the part of Defendant.

**INTERROGATORY 10:** Identify all injuries that Plaintiff will claim were caused by the occurrence on March 5, 2005, identifying those which Plaintiff claims to be permanent.

**INTERROGATORY 11:** State with specificity the activities Plaintiff has been unable to return to because of her injuries as alleged in the Complaint.

**INTERROGATORY 12:** With respect to any medical attention sought by the Plaintiff for injuries she allegedly sustained, set forth the following: (a) the date the Plaintiff first sought medical attention for any of the injuries claimed to have been sustained; (b) the length of time that Plaintiff was confined to a hospital, if at all, and the name and address of such hospital and the dates of confinement; (c) the names and addresses of all physicians rendering treatment to the Plaintiff for the injuries he allegedly sustained; (d) the dates of any and all office visits for each of the physicians enumerated above; (e) the diagnoses and treatments received from all the physicians or health care provider and describe the treatment received; and (f) kindly attach any relevant medical reports in your possession.

**INTERROGATORY 13:** State the amount of special damages claimed for the Plaintiff: (a) hospital expenses; (b) physicians' expenses for each physician who treated plaintiff; (c) nursing expenses; (d) drugs or medications; (e) x-rays; (f) others.

**INTERROGATORY 14:** Provide a statement setting forth the total damages to which the Plaintiffs deem themselves entitled to in this action, including compensation for pain and suffering, the amount of all that will be claimed by the Plaintiffs at trial for lost wages (past and

future), medical expenses, lost fringe benefits, household services, and any other pecuniary or non-pecuniary loss suffered by the Plaintiff as a result of her injury.

Dated: September 12, 2007
       Buffalo, New York

                              FELDMAN, KIEFFER & HERMAN, LLP

                              By:   Andrew Feldman
                              Attorneys for Defendant, Fujitsu Transaction
                              Solutions, Inc.
                              The Dun Building
                              110 Pearl Street
                              Buffalo, New York 14202
                              (716) 852-5875
                              afeldman@fkhattys.com

TO:    Mitchell J. Baker
         BAKER, LESHKO, SALINE & BLOSSER, LLP
         Attorneys for the Plaintiffs Maria and Carlos
         Manosalves
         One North Lexington Ave
         White Planes, NY 10601
         (914) 681-9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARIA MANOSALVES and CARLOS
MANOSALVES

                *Plaintiffs,*           **DEFENDANT'S FIRST SET OF
INTERROGATORIES**

v.                                            07-CV-3846

FUJITSU TRANSACTION SOLUTIONS, INC.

                *Defendant.*
_____

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and S.D.N.Y. Local Rule 33.3, you are required to answer each of the following interrogatories under oath, in writing, separately, in the fullest detail possible, and in accordance with the definitions and instructions set forth below. Your answers must be signed, and a copy of your answers, together with your objections, if any, must be served upon us no later than 30 days after the service of these interrogatories.

## DEFINITIONS AND CONSTRUCTION

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all discovery requests:

(1) All/Each. The terms "all" and "each" shall be construed as all and each.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

**INTERROGATORY 1:** Identify the person(s) answering these interrogatories, and identify each and every person whom you consulted in preparation of your responses.

**INTERROGATORY 2:** State the Plaintiff's full name, date of birth, Social Security Number, current address, and address on March 5, 2005.

**INTERROGATORY 3:** State the name and address of Plaintiff's employer on March 5, 2005, the capacity in which she was employed, and the amount of her hourly wage and/or salary.

**INTERROGATORY 4:** State the dates that the Plaintiff claims she was unable to work, setting forth the total amount claimed as lost wages.

**INTERROGATORY 5:** Describe fully and completely how the occurrence alleged in the Complaint happened giving the exact description of everything that each person involved in the occurrence did and everything that happened to each person involved in the occurrence immediately preceding the occurrence, up to and including the time of the occurrence.

**INTERROGATORY 6:** State whether you have made any statements in any form, other than statements made to your attorney, regarding any of the events or happenings on which your Complaint is based or to which it refers. If so, state the identity of the person who the statements were made, the dates of such statements, the form of the statement (written, oral, by recording device, or by stenographic means), whether the statements were signed, and attach any copies of such statements to your answers hereto.

**INTERROGATORY 7:** Identify the name, make and model of the product that is alleged to be hazardous.

**INTERROGATORY 8:** Identify the allegedly hazardous condition of the product described in the proceeding Interrogatory No. 8.

**INTERROGATORY 9:** State each and every act or omission claimed by the Plaintiff constituting negligence on the part of Defendant.

**INTERROGATORY 10:** Identify all injuries that Plaintiff will claim were caused by the occurrence on March 5, 2005, identifying those which Plaintiff claims to be permanent.

**INTERROGATORY 11:** State with specificity the activities Plaintiff has been unable to return to because of her injuries as alleged in the Complaint.

**INTERROGATORY 12:** With respect to any medical attention sought by the Plaintiff for injuries she allegedly sustained, set forth the following: (a) the date the Plaintiff first sought medical attention for any of the injuries claimed to have been sustained; (b) the length of time that Plaintiff was confined to a hospital, if at all, and the name and address of such hospital and the dates of confinement; (c) the names and addresses of all physicians rendering treatment to the Plaintiff for the injuries he allegedly sustained; (d) the dates of any and all office visits for each of the physicians enumerated above; (e) the diagnoses and treatments received from all the physicians or health care provider and describe the treatment received; and (f) kindly attach any relevant medical reports in your possession.

**INTERROGATORY 13:** State the amount of special damages claimed for the Plaintiff: (a) hospital expenses; (b) physicians' expenses for each physician who treated plaintiff; (c) nursing expenses; (d) drugs or medications; (e) x-rays; (f) others.

**INTERROGATORY 14:** Provide a statement setting forth the total damages to which the Plaintiffs deem themselves entitled to in this action, including compensation for pain and suffering, the amount of all that will be claimed by the Plaintiffs at trial for lost wages (past and

future), medical expenses, lost fringe benefits, household services, and any other pecuniary or non-pecuniary loss suffered by the Plaintiff as a result of her injury.

Dated: September 12, 2007
Buffalo, New York

>FELDMAN, KIEFFER & HERMAN, LLP
>
>/s/ Andrew Feldman
>
>_____
>By:   Andrew Feldman
>Attorneys for Defendant, Fujitsu Transaction Solutions, Inc.
>The Dun Building
>110 Pearl Street
>Buffalo, New York 14202
>(716) 852-5875
>afeldman@fkhattys.com

TO:   Mitchell J. Baker
BAKER, LESHKO, SALINE & BLOSSER, LLP
Attorneys for the Plaintiffs Maria and Carlos Manosalves
One North Lexington Ave
White Planes, NY 10601
(914) 681-9500