UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA MANOSALVES and CARLOS MANOSALVES

                *Plaintiffs*

v.

FUJITSU TRANSACTION SOLUTIONS, INC.

                *Defendant.*

**ATTORNEY AFFIDAVIT**

07-CV-3846

---

I, STEPHEN A. MANUELE, being duly sworn, depose and say:

1. I am an attorney admitted to practice in the New York State and have been admitted *pro hac vice* in the United States District Court for the Southern District of New York to assist in the defense of this case. As a Partner in Feldman, Kieffer, & Herman, LLP, attorneys for the Defendant, FUJITSU TRANSACTION SOLUTIONS, INC., I am familiar with the facts and circumstances of this case.

2. I make this affidavit in support of Defendant's motion pursuant to Federal Rule of Civil Procedure 14 for the joinder of third-parties to this action.

3. This action was commenced against the Defendant through an Amended Complaint, a copy of which is attached hereto as *Exhibit A*.

4. Plaintiffs allege in their Amended Complaint that on or about March 5, 2005, while working as a cashier at Marshalls, was caused to fall due to the improper placement, installation, and/or maintenance of certain wires and/or cables connected to a certain cash

register. Plaintiff further alleges that these wires and/or cables were connected to cash registers manufactured, sold, or maintained by the Defendant.

5.  Defendant served its Answer to the Amended Complaint on or about August 20, 2007, a copy of which is attached hereto as *Exhibit B*.

6.  On or about August 22, 2007, plaintiffs served their Initial Disclosures pursuant to Rule 26. *Exhibit C*.

7.  Additionally, on or about October 16, 2007, Plaintiff served her Answers to Interrogatories and Responses to Defendant's Rule 34 Demand. Plaintiff's Answers to Interrogatories are attached hereto as *Exhibit D* and Responses to Defendant's Rule 34 Demand are attached hereto as *Exhibit E*.

8.  In response to Defendant's Interrogatory No. 5, plaintiff states that she "was working at a check out register, booth #4. She was in the process of scanning a store item when her right foot got tangled in wires causing her to fall violently on the left side of her body." In response to Interrogatory No. 7, plaintiff states that the make and model of the hazardous product was the "Fujitsu cash register *and connected appliances*..." [Emphasis added].

9.  Included with plaintiffs' Rule 34 responses were digital photographs taken of cash register booth #4, where the alleged accident occurred. Copies of those photographs are attached hereto as *Exhibit F*.

10. The cable and/or wire plaintiff alleges she tripped over is depicted in *Exhibit G*. A full depiction of cash register booth #4 is provided in *Exhibit H*, which also shows other connected appliances present in the booth besides the cash register.

11. Defendant denies that the cable and/or wire depicted in the disclosed photographs were connected to a Fujitsu cash register, suggesting that they may have been part of other connected appliances in the cash register booth.

12. In order to evaluate the presence of other appliances that may have contributed to plaintiff's trip and fall, this Court signed judicial subpoenas for an inspection of the Marshalls store where the fall occurred and for the production of documents regarding other appliances present in booth #4. Copies of the aforementioned judicial subpoenas are attached hereto as *Exhibit I*.

13. In response to the judicial subpoena duces tecum, Marshalls, through counsel, disclosed the following information regarding the providers of devices located at the store's cash registers and service providers for such devices: A) the Marshalls store at issue had three types of EAS handtag/sensor removal devices at check-out counters that were provided and serviced by Sensormatic Electronics Corp, which is affiliated with ADT Security Systems; B) handheld ticket scanners kept in the checkout counter were provided by Symbol Technology, which is affiliated with Motorola; and C) service provider CrossCom National, LLC was responsible for register wiring repairs.

14. Additionally, on May 23, 2008 an inspection of the Marshalls store was conducted by the parties. It was discovered at that inspection that the layout of the Marshalls store had changed from single cash register booths to a single queue check-out system.

15. Based upon the parties' investigation, there is sufficient basis to implead Sensormatic Electronics Corp, Symbol Technology, Motorola, and CrossCom National, LLC as third-parties to this action.

16. Accordingly, Defendant requests leave to file a third-party complaint against the aforementioned companies.

17. Third-party practice under Rule 14 is designed to permit the liberal joinder of parties so that judicial economy could be conserved and consistency of results guaranteed. *Olympic Corp. v. Societe Generale*, 462 F.2d 376 (2nd Cir. 1972). While resting in the sound discretion of the Court, factors that may be considered in exercising this discretion include prejudice to the plaintiff; complication of issues at trial; likelihood of causing delay in the trial; the timeliness of the motion to implead; the merit or substance of the third-party complaint; and additional expense to the parties. *Kopan v. George Washington Univ.*, 67 F.R.D. 36 (U.S.D.C. 1975). *See, In re Adelphia Communications Corp.*, 322 B.R. 509 (S.D.N.Y. 2005).

18. The factors favor impleading the aforementioned companies.

19. Plaintiff will not suffer any undue prejudice in impleading these companies as third-party defendants. The parties conducted their investigation of Marshalls before plaintiff's deposition and while written discovery is still ongoing. Therefore, plaintiff will not be required to submit to a second deposition on this case.

20. The present action is still in the written discovery phase; no trial date has been set. Accordingly, there are no concerns that this impleader would delay trial. Moreover, impleading the aforementioned companies will help to clarify issues by having all applicable companies present and involved in the case up until trial. Furthermore, impleading the aforementioned companies at the nascent of this case will not cause the parties additional unreasonable expense.

21. Defendant has brought his motion in a timely fashion after investigation into the Marshalls store was complete and within the time frame provided by the court in its scheduling order.

22. There is merit to the Defendant's proposed third-party complaint based upon Marshalls disclosures. Plaintiff alleges that she tripped over cables and/or wires in cash register booth #4 that were part of the Fujitsu cash register or "connected appliances." Plaintiff alleges as negligence improper installation and/or service of these appliances. Marshalls identified two other manufactures of appliances whose cables may have caused or contributed to the plaintiff's accident: Sensormatic/ ADT tag removers and Symbol Technologies/ Motorola hand-held ticket scanners. Marshalls also identified two companies that serviced these devices: register wiring by CrossCom National, LLC and service performed by Sensormatic/ ADT to its tag removers. Based upon our investigation into Marshalls, there is a good faith basis to implead these Defendants as contributing tortfeasors.

23. Based upon the foregoing, Defendant requests that its motion for leave be granted and Sensormatic Electronics Corp, Symbol Technology, Motorola, and CrossCom National, LLC be joined as third-parties.

WHEREFORE, Defendant, FUJITSU TRANSACTION SOLUTIONS, INC., requests an Order granting its motion pursuant to F.R.C.P. 14 for leave to join as Third-Party Defendants Sensormatic Electronics Corp, Symbol Technology, Motorola, and CrossCom National, LLC, along with any further relief that the Court deems just and proper.

_____
STEPHEN A. MANUELE

Sworn before be on _May 30_, 2008

_____
NOTARY PUBLIC

MARGARET A. KLISZAK
Notary Public, State of New York
No. 01KL5043697
Qualified in Erie County
My Commission Expires 05/15/20 11