**BAKER, LESHKO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiffs*
One North Lexington Avenue
White Plains, New York 10601
914.681.9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARIA MANOSALVES and
CARLOS MANOSALVES,

      Plaintiffs,    07 Civ. 3846

 -against-       **PLAINTIFF'S RESPONSE
             TO DEFENDANT'S
             FIRST SET OF**
FUJITSU TRANSACTION SOLUTIONS, INC. <u>**INTERROGATORIES**</u>

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

  Plaintiffs, Maria Manosalves and Carlos Manosalves, by their attorneys Baker, Leshko, Saline & Blosser, LLP, responding to the interrogatories of Fujitsu Transaction Solutions, Inc., state as follows:

  **INTERROGATORY 1:** Identify the person(s) answering these interrogatories, and identify each and every person whom you consulted in preparation of your responses.

  **RESPONSE 1:** Mitchell J. Baker, Esq. of Baker, Leshko, Saline & Blosser, LLP.

1

**INTERROGATORY 2:** State the Plaintiff's full name, date of birth, Social Security Number, current address, and address on March 5, 2005.

**RESPONSE 2:** Plaintiffs' names are Maria Manosalves, D.O.B. June 25, 1944, S.S. # 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 and Carlos Manosalves, D.O.B. October 27, 1950, S.S. # 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. Plaintiffs' current address is 2104 Boston Post Road, Apartment 5, Larchmont, New York 10538. On March 5, 2005 Plaintiffs were living at 76 Wendt Avenue, Apt. F, Larchmont, New York 10538.

**INTERROGATORY 3:** State the name and address of Plaintiff's employer on March 5, 2005, the capacity in which she was employed, and the amount of her hourly wage and/or salary.

**RESPONSE 3:** Plaintiff, Maria Manosalves, was employed by Marshalls, located at West Chester Square Mall, 221 N. Central Park Avenue, Hartsdale, New York, 10530, as a part-time cashier making approximately one hundred and fifty dollars ($150.00) per week.

**INTERROGATORY 4:** State the dates that the Plaintiff claims she was unable to work, setting forth the total amount claimed as lost wages.

**RESPONSE 4:** Plaintiff was unable to work from the date of the accident, March 5, 2005, to the present.

**INTERROGATORY 5:** Describe fully and completely how the occurrence alleged in the Complaint happened giving the exact description of everything that each person involved in the occurrence did and everything that happened to each person

involved in the occurrence immediately preceding the occurrence, up to and including the time of the occurrence.

**RESPONSE 5:**   Plaintiff was working at a check out register, booth #4. She was in the process of scanning a store item when her right foot got tangled in wires causing her to fall violently on the left side of her body.

**INTERROGATORY 6:**   State whether you have made any statements in any form, other than statements made to your attorney, regarding any of the events or happenings on which your Complaint is based or to which it refers. If so, state the identity of the persons who the statements were made, the states of such statements, the form of the statement (written, oral, by record device, or by stenographic means), whether the statements were signed, and attach any copies of such statements to your answers hereto.

**RESPONSE 6:**   None known.

**INTERROGATORY 7:**   Identify the name, make and model of the product that is alleged to be hazardous.

**RESPONSE 7:**   Fujitsu cash register and connected appliances, exact model number unknown at the present time.

**INTERROGATORY 8:**   Identify the allegedly hazardous condition of the product described in the proceeding Interrogatory No. 8.

**RESPONSE 8:**   The installation and maintenance was not proper. Specifically, the wires connecting the register to certain appliances were strewn about, not installed nor maintained in a safe and prudent manner.

3

**INTERROGATORY 9:** State each and every act or omission claimed by the Plaintiff constituting negligence on the part of Defendant.

**RESPONSE 9:** Defendant was negligent in the instillation and maintenance of the cash register and connected appliances in that the wires connecting the same were not installed nor maintained in a safe and prudent manner.

**INTERROGATORY 10:** Identify all injuries that Plaintiff will claim were caused by the occurrence on March 5, 2005, identifying those which Plaintiff claims to be permanent.

**RESPONSE 10:** Plaintiff suffered a complete full thickness tear of her left shoulder Rotator Cuff, an impingement of the left shoulder, deformity of the left arm, multiple fractured ribs on the lower left side, and surgery which included an arthroscopic cuff repair, arthroscopic subacomial decompression and arthroscopic excision of inferior spur in the left clavicle.

**INTERROGATORY 11:** State with specificity the activities Plaintiff has been unable to return to because of her injuries as alleged in the Complaint.

**RESPONSE 11:** The plaintiff can no longer perform tasks, including, but not limited to, cleaning the house, cooking, picking up items, doing the laundry and driving.

**INTERROGATORY 12:** With respect to any medical attention sought by the Plaintiff for injuries she allegedly sustained, set forth the following: (a) the date the Plaintiff first sought medical attention for any of the injuries claimed to have been sustained; (b) the length of time that Plaintiff was confined to a hospital, if at all, and the name and address of such hospital and the dates of confinement; (c) the names and

addresses of all physicians rendering treatment to the Plaintiff for the injuries she allegedly sustained; (d) the dates of any and all office visits for each of the physicians enumerated above; (e) the diagnoses and treatments received from all the physicians or health care provider and describe the treatment received; and (f) kindly attach any relevant medical reports in your possession.

**RESPONSE 12:**

a. Plaintiff first sought medical attention on March 7, 2005.

b. Not applicable.

c. 1.) Lawrence Hospital Center, 55 Palmer Avenue, Bronxville, New York, 10708; 2.) Dr. William A. Unis, 77 Pondfield Road, Bronxvill, New York 10708

d. Plaintiff visited Dr. Unis 3/7/05, 3/14/05, 3/30/05, 4/27/05, 5/27/05, 7/7/05, 7/18/05 and 8/3/05. Dr Unis performed plaintiff's surgery on July 7, 2005.

e. See Response 10.

f. Please find medical reports in our possession, annexed hereto as Exhibit "A".

**INTERROGATORY 13:** State the amount of special damages claimed for the Plaintiff: (a) hospital expenses; (b) physicians' expenses for each physician who treated plaintiff; (c) nursing expenses; (d) drugs or medications; (e) x-rays; (f) others.

**RESPONSE 13:** Unknown at the present time.

**INTERROGATORY 14:** Provide a statement setting forth the total damages to which the Plaintiffs deem themselves entitled to in this action, including compensation for pain and suffering, the amount of all that will be claimed by the Plaintiffs at trial for lost wages (past and future), medical expenses, lost fringe benefits, household services, and any other pecuniary or non-pecuniary loss suffered by the Plaintiff as a result of her injury.

**RESPONSE 14:**   One Million Dollars (1,000,000.00).


Dated:  White Plains, New York
        October 16, 2007

                                BAKER LESHKO SALINE & BLOSSER LLP
                                *Attorneys for Plaintiffs*

                                By: _____
                                    Mitchell J. Baker
                                One North Lexington Avenue
                                White Plains, New York 10601
                                914.681.9500


To:   Andrew Feldman, Esq.
      Feldman, Kieffer & Herman, LLP
      *Attorneys for Defendant*
      The Dun Building
      110 Pearl Street
      Buffalo, New York 14202
      716.852.5875

6

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

MARIA MANOSALVAS and EDMUNDO MANOSALVAS, being duly sworn, depose and say:

1. We are the plaintiffs in this action.

2. We have read the foregoing responses. We know the contents to be true except as to those matters which are alleged to be upon information and belief, and as to those matters, we believe them to be true.

_____
MARIA MANOSALVAS

_____
EDMUNDO MANOSALVAS

Sworn to before me this
16 day of October, 2007

_____
Notary Public

MITCHELL J. BAKER
Notary Public, State of New York
No. 02BA4991878
Qualified in Westchester County
Commission Expires February 10, 2010