Brieant, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA MANOSALVES and CARLOS
MANOSALVES

     *Plaintiffs,*

v.

FUJITSU TRANSACTION SOLUTIONS, INC.

     *Defendant.*

**JUDICIAL SUBPOENA DUCES TECUM**

07-CV-3846 (CLB)

---

 TO: THE TJX COMPANIES, INC.
    770 Cochituate Road
    Franingham, MA 01701

 YOU ARE HEREBY COMMANDED, pursuant to the Federal Rules of Civil Procedures 34 and 45, to permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in your possession, custody or control, by **December 29, 2008**, of the following items specified herein:

 1. All literature or other documentation regarding products manufactured, maintained, installed, or serviced by the Defendant, FUJITSU TRANSACTION SOLUTIONS, INC. or any subsidiary, agent, or associate thereof, at the MARSHALLS store located at West Chester Square Mall, 221 N. Central Park Avenue, Hartsdale, NY 10530.

 2. All literature or other documentation regarding products installed or in place on or about March 5, 2005 at check-out register booth #4 at the MARSHALLS store located at West Chester Square Mall, 221 N. Central Park Avenue, Hartsdale, NY 10530.

3. All contracts or agreements between MARSHALLS or THE TJX COMPANIES, INC. and the Defendant, FUJITSU TRANSACTION SOLUTIONS, INC. or any subsidiary, agent, or associate thereof.

4. All invoices or work orders between MARSHALLS or THE TJX COMPANIES, INC. and the Defendant, FUJITSU TRANSACTION SOLUTIONS, INC. or any subsidiary, agent, or associate thereof.

5. All communications, emails, phone messages, letters, and correspondences between MARSHALLS or THE TJX COMPANIES, INC. and the Defendant, FUJITSU TRANSACTION SOLUTIONS, INC.

6. All instructions, protocols, manuals, or directions for the operation of cash registers and associated appliances maintained at the MARSHALLS store located at West Chester Square Mall, 221 N. Central Park Avenue, Hartsdale, NY 10530.

7. All maintenance, replacement, service, or repair records for all store cash registers and associated appliances at the MARSHALLS store located at West Chester Square Mall, 221 N. Central Park Avenue, Hartsdale, NY 10530.

8. Copies of all employee complaints for the past five (5) years regarding any injury sustained by a store employee at the MARSHALLS store located at West Chester Square Mall, 221 N. Central Park Avenue, Hartsdale, NY 10530..

9. All contracts or agreements between MARSHALLS or THE TJX COMPANIES, INC. and any other entity besides FUJITSU TRANSACTION SOLUTIONS, INC. providing maintenance, repair, installation, or other product services to all cash registers and associated appliances for the past five (5) years.

10   All invoices or work orders between MARSHALLS or THE TJX COMPANIES, INC. and any other entity besides FUJITSU TRANSACTION SOLUTIONS, INC. providing maintenance, repair, installation, or other product services to any and all cash registers and associated appliances for the past five (5) years.

11.   All communications, emails, phone messages, letters and correspondences between MARSHALLS or THE TJX COMPANIES, INC. and any other entity besides FUJITSU TRANSACTION SOLUTIONS, INC. providing maintenance, repair, installation, or other product services to any and all cash registers and associated appliances for the past five (5) years.

The text of subdivisions (c) and (d) of F.R.C.P. 45 are attached hereto.

WITNESS, Honorable Charles L. Brieant, United States District Judge, United States Courthouse, 300 Quarropas St., Room 275, White Plains, New York 10601, on

_December 21_, 2007.       So ORDERED

_____
HON. CHARLES L. BRIEANT, USDJ

**F.R.C.P. 45**

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.

(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

*Brieant, J.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA MANOSALVES and CARLOS
MANOSALVES

       *Plaintiffs,*

v.

FUJITSU TRANSACTION SOLUTIONS, INC.

       *Defendant.*

**JUDICIAL SUBPOENA**

07-CV-3846 ( *CLB* )

---

TO: THE TJX COMPANIES, INC.
   770 Cochituate Road
   Framingham, MA 01701

YOU ARE HEREBY COMMANDED, pursuant to the Federal Rules of Civil Procedures 34 and 45, to permit inspection of the premises on **December 29, 2007 at 12:00 p.m.**, or at time mutually agreed upon, of the following:

1. The area in and around check-out booth #4 located at MARSHALLS, West Chester Square Mall, 221 N. Central Park Avenue, Hartsdale, NY 10530.

2. The cash register that was present at check-out booth #4 on or about March 5, 2005.

3. All other appliances that were present at check-out booth #4 on or about March 5, 2005.

The text of subdivisions (c) and (d) of F.R.C.P. 45 are attached hereto.

WITNESS, Honorable Charles L. Brieant, United States District Judge, United States Courthouse, 300 Quarropas St., Room 275, White Plains, New York 10601, on

✓ _December 21_, 2007.    So   ORDERED:

_____
HON. CHARLES L. BRIEANT, U.S.D.J.

**F.R.C.P. 45**

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.